UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>    v.<br><br>Marianna Levin et al.,<br><br>      *Defendants.* | **Protective Order**<br><br>**S1 20 Cr. 681 (JPC)** |

  Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

  1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

  2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains personally identifiable information, individually identifiable health information, and/or information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives,

persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

      3. **Business Confidential Information.** Certain of the Government's disclosure material, referred to herein as "business confidential information," contains information that may reveal trade secrets or other information that may cause financial loss or other harm to the affected business entity.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

      1. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

      2. Disclosure material that is not sensitive disclosure material or business confidential information may be disclosed by counsel to:

      (a) the defendants;

      (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

      (c) Prospective witnesses for purposes of defending this action.

3. Sensitive Disclosure Material and Business Confidential Information shall be disclosed only as follows:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

4. The Government may authorize, in writing, disclosure of Disclosure Material, Sensitive Disclosure Material, and Business Confidential Information beyond that otherwise permitted by this Order without further Order of this Court.

5. By entering into this agreement, the defense does not concede that all information designated by the Government as "Sensitive Disclosure Material" or "business confidential information" in fact merits the protective measures described in this Order and reserves the right to challenge such designations by the Government. If there is a dispute between the parties concerning the Government's designation of certain disclosure material as Sensitive Disclosure Material or business confidential information, the parties shall meet and confer without prejudice to a subsequent application by the Defense seeking de-designation of such material by the Court, consistent with the protections set forth in paragraph (6) below. If the Defense moves the Court for dedesignation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of the Court. The Government shall bear the burden of establishing good cause for its designation of the disputed materials as Sensitive Disclosure Material or business confidential information.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However,

Sensitive Disclosure Material and Business Confidential Information pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. <span style="color:red">Parties seeking to file documents under seal shall seek leave to do so in accordance with section 9 of the Court's Individual Rules and Practices in Criminal Cases.</span>

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever

date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date:   __February 1, 2021_____
Nicholas Folly / Nicholas W. Chiuchiolo
Daniel G. Nessim
Assistant United States Attorneys

_____          Date:   1/28/21
Sean Hecker, Esq. / Jenna Dabbs, Esq.
Counsel for Marianna Levin

_____          Date:   _____
Esere J. Onaodowan, Esq.
Counsel for Tetyana Golyak

_____          Date:   _____
Michael Farkas, Esq.
Counsel for Elena Lokshin

5

date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____         Date: _____
Nicholas Folly / Nicholas W. Chiuchiolo
Daniel G. Nessim
Assistant United States Attorneys


_____              Date: _____
Sean Hecker, Esq. / Jenna Dabbs, Esq.
Counsel for Marianna Levin

_____              Date: 02/01/2021
Inessa Spevakova, Esq.
Counsel for Tetyana Golyak

_____              Date: _____
Michael Farkas, Esq.
Counsel for Elena Lokshin

5

date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

by: _____    Date: _____
    Nicholas Folly / Nicholas W. Chiuchiolo
    Daniel G. Nessim
    Assistant United States Attorneys


_____    Date: _____
    Sean Hecker, Esq. / Jenna Dabbs, Esq.
    Counsel for Marianna Levin

_____    Date: _____
    Esere J. Onaodowan, Esq.
    Counsel for Tetyana Golyak

*[signature]*
_____    Date: 1/22/21
    Michael Farkas, Esq.
    Counsel for Elena Lokshin

*Mark S. DeMarco*  Date: Jan. 22, 2021
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya

_____  Date: _____
Deborah Colson, Esq.
Counsel for Ramila Sardarova

_____  Date: _____
Florian Miedel, Esq.
Counsel for Marina Zak

_____  Date: _____
Victor Shulov, Esq.
Counsel for Alina Kuptsova

_____  Date: _____
Julie Rendelman, Esq.
Counsel for Maliha Ijaz

_____  Date: _____
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova

_____  Date: _____
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva

_____  Date: _____
Michael Sporn, Esq.
Counsel for Natalya Shvarts

_____  Date: _____
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya

_____  Date: _____
Deborah Colson, Esq.
Counsel for Ramila Sardarova

*Florian Miedel*  Date: 01/22/21
Florian Miedel, Esq.
Counsel for Marina Zak

_____  Date: _____
Victor Shulov, Esq.
Counsel for Alina Kuptsova

_____  Date: _____
Julie Rendelman, Esq.
Counsel for Maliha Ijaz

_____  Date: _____
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova

_____  Date: _____
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva

_____  Date: _____
Michael Sporn, Esq.
Counsel for Natalya Shvarts

_____          Date: _____
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya


_____          Date: _____
Deborah Colson, Esq.
Counsel for Ramila Sardarova


_____          Date: _____
Florian Miedel, Esq.
Counsel for Marina Zak


_/s/ Victor Shulov_                  Date:  01/22/2021
Victor Shulov, Esq.
Counsel for Alina Kuptsova


_____          Date: _____
Julie Rendelman, Esq.
Counsel for Maliha Ijaz


_____          Date: _____
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova


_____          Date: _____
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva


_____          Date: _____
Michael Sporn, Esq.
Counsel for Natalya Shvarts


6

_____  Date: _____
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya

_____  Date: _____
Deborah Colson, Esq.
Counsel for Ramila Sardarova

_____  Date: _____
Florian Miedel, Esq.
Counsel for Marina Zak

_____  Date: _____
Victor Shulov, Esq.
Counsel for Alina Kuptsova

_____/s/_____  Date: __1/25/21__
Julie Rendelman, Esq.
Counsel for Maliha Ijaz

_____  Date: _____
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova

_____  Date: _____
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva

_____  Date: _____
Michael Sporn, Esq.
Counsel for Natalya Shvarts

6

_____   Date: _____
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya

*Deborah Colson* (signature)   Date: 1/22/2021
_____
Deborah Colson, Esq.
Counsel for Ramila Sardarova

_____   Date: _____
Florian Miedel, Esq.
Counsel for Marina Zak

_____   Date: _____
Victor Shulov, Esq.
Counsel for Alina Kuptsova

_____   Date: _____
Julie Rendelman, Esq.
Counsel for Maliha Ijaz

_____   Date: _____
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova

_____   Date: _____
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva

_____   Date: _____
Michael Sporn, Esq.
Counsel for Natalya Shvarts

6

_____       Date: _____
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya


_____       Date: _____
Deborah Colson, Esq.
Counsel for Ramila Sardarova


_____       Date: _____
Florian Miedel, Esq.
Counsel for Marina Zak


_____       Date: _____
Victor Shulov, Esq.
Counsel for Alina Kuptsova


_____       Date: _____
Julie Rendelman, Esq.
Counsel for Maliha Ijaz

*/s/ Farrukh Nuridinov*                Date: _1/28/2021_
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova


_____       Date: _____
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva


_____       Date: _____
Michael Sporn, Esq.
Counsel for Natalya Shvarts

6

_____   Date: _____
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya


_____   Date: _____
Deborah Colson, Esq.
Counsel for Ramila Sardarova


_____   Date: _____
Florian Miedel, Esq.
Counsel for Marina Zak


_____   Date: _____
Victor Shulov, Esq.
Counsel for Alina Kuptsova


_____   Date: _____
Julie Rendelman, Esq.
Counsel for Maliha Ijaz


_____   Date: _____
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova


/s/ Margaret Shalley   Date: 1/25/21
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva


_____   Date: _____
Michael Sporn, Esq.
Counsel for Natalya Shvarts


6

_____  Date: _____
Mark DeMarco, Esq.
Counsel for Svitlana Rohulya


_____  Date: _____
Deborah Colson, Esq.
Counsel for Ramila Sardarova


_____  Date: _____
Florian Miedel, Esq.
Counsel for Marina Zak


_____  Date: _____
Victor Shulov, Esq.
Counsel for Alina Kuptsova


_____  Date: _____
Julie Rendelman, Esq.
Counsel for Maliha Ijaz


_____  Date: _____
Farrukh Nuridinov, Esq.
Counsel for Dildora Marupova


_____  Date: _____
Margaret Shalley, Esq.
Counsel for Makhinbonu Narzullaeva

/s/ Michael Sporn                Date:  1/26/21
Michael Sporn, Esq.
Counsel for Natalya Shvarts

6

_____       Date: 01/28/21
Albert Dayan, Esq.
Counsel for Inna Gekelman


_____       Date: _____
Julie De Almeida, Esq.
Court Appointed Coordinating Discovery Attorney


SO ORDERED:

Dated: New York, New York
       January ___, 2021


                                    _____
                                    THE HONORABLE JOHN P. CRONAN
                                    UNITED STATES DISTRICT JUDGE

7

```
_____          Date: _____
Albert Dayan, Esq.
Counsel for Inna Gekelman
```

*Julie de Almeida*          Date:    1/28/2021
Julie De Almeida, Esq.
Court Appointed Coordinating Discovery Attorney

SO ORDERED:

Dated:  New York, New York
        ~~January ___, 2021~~

      Date: February 2, 2021          _____
      New York, New York              THE HONORABLE JOHN P. CRONAN
                                       UNITED STATES DISTRICT JUDGE