UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Marianna Levin et al.,<br><br>*Defendants*. | **Protective Order**<br><br>S5 20 Cr. 681 (JPC) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains personally identifiable information, individually identifiable health information, and/or information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives,

persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

   3. **Business Confidential Information.** Certain of the Government's disclosure material, referred to herein as "business confidential information," contains information that may reveal trade secrets or other information that may cause financial loss or other harm to the affected business entity.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

   1. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

   2. Disclosure material that is not sensitive disclosure material or business confidential information may be disclosed by counsel to:

   (a) the defendants;

   (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   (c) Prospective witnesses for purposes of defending this action.

3. Sensitive Disclosure Material and Business Confidential Information shall be disclosed only as follows:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

4. The Government may authorize, in writing, disclosure of Disclosure Material, Sensitive Disclosure Material, and Business Confidential Information beyond that otherwise permitted by this Order without further Order of this Court.

5. By entering into this agreement, the defense does not concede that all information designated by the Government as "Sensitive Disclosure Material" or "business confidential information" in fact merits the protective measures described in this Order and reserves the right to challenge such designations by the Government. If there is a dispute between the parties concerning the Government's designation of certain disclosure material as Sensitive Disclosure Material or business confidential information, the parties shall meet and confer without prejudice to a subsequent application by the Defense seeking de-designation of such material by the Court, consistent with the protections set forth in paragraph (6) below. If the Defense moves the Court for dedesignation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of the Court. The Government shall bear the burden of establishing good cause for its designation of the disputed materials as Sensitive Disclosure Material or business confidential information.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However,

Sensitive Disclosure Material and Business Confidential Information pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. All sealed and redacted filings should comply with Rule 9 of the Court's Individual Rules and Practices in Criminal Cases.

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever

date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/ Daniel Nessim_____       Date: ___12/16/22_____
Nicholas W. Chiuchiolo / Daniel G. Nessim
Assistant United States Attorneys


_____            Date: ___12/16/22_____
Telemachus Kasulis, Esq.
Counsel for Irina Pastina

                                         Date: _____
_____
Harlan Protass, Esq.
Counsel for Jenya Kremen


SO ORDERED:

Dated: New York, New York
       December __, 2022

                                         _____
                                         THE HONORABLE JOHN P. CRONA
                                         UNITED STATES DISTRICT JUDGE

5

date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/ Daniel Nessim_____     Date: ___12/16/22_____
    Nicholas W. Chiuchiolo / Daniel G. Nessim
    Assistant United States Attorneys


_____     Date: _____
Telemachus Kasulis, Esq.
Counsel for Irina Pastina

_____     Date: __12/19/22_____
Harlan Protass, Esq.
Counsel for Jenya Kremen


SO ORDERED:

Dated: New York, New York
       December 22, 2022

_____
THE HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

5