UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                        :
UNITED STATES OF AMERICA,                      :
                        :
          -v-                      :      20 Cr. 681 (JPC)
                        :
RAMILA SARDAROVA,                      :      MEMORANDUM OPINION
                        :            AND ORDER
          Defendant.                 :
                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On March 13, 2023, the Court sentenced Defendant Ramila Sardarova principally to a term of imprisonment of 27 months, followed by three years of supervised release, after her guilty plea to wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Dkts. 397 (judgment of conviction), 415 ("Sentencing Tr.") at 42:16-19. Defendant is currently incarcerated at Danbury FCI, with a projected release date of June 6, 2025. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 12, 2024).

On or about January 9, 2024, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of her sentence in light of Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively, and further seeking appointment of counsel in connection with that motion. Dkt. 496. Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . .

to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A). Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

Defendant is ineligible for a reduction in her sentence pursuant to Amendment 821. As relevant here, Amendment 821 added U.S.S.G. § 4C1.1, which provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines. Although Defendant had no criminal history points prior to the offense giving rise to her current incarceration, *see* Sentencing Tr. at 10:8-9; Dkt. 306 ("PSR") ¶¶ 91-93, she is ineligible for a reduction in her sentence. At sentencing, Defendant's offense level was 26 and her Criminal History Category was I, yielding a Guidelines range of 63 to 78 months' imprisonment. *See* Sentencing Tr. at 10:8-10; *accord* PSR ¶¶ 80-93, 134. Had Amendment 821 been in effect, it appears that Defendant's offense level would have been 24 (because she appears to qualify for the adjustment in U.S.S.G. § 4C1.1). Assuming an offense level of 24, with a Criminal History Category of I, Defendant's Guidelines range would have been 51 to 63 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. Her sentence of 27 months' imprisonment, however, fell below the low end of that amended range.

Accordingly, Defendant's motion for a sentence reduction is denied. Because Defendant is ineligible for a sentence reduction, there is no reason to appoint counsel. The Clerk of Court is respectfully directed to close the motion at Docket Number 496 and to mail a copy of this Memorandum Opinion and Order to:

> Ramila Sardarova
> Reg. No. 23213-509
> Danbury FCI
> Federal Correctional Institution
> Route 37
> Danbury, CT 06811

SO ORDERED.

Dated: January 12, 2023
      New York, New York

                                        JOHN P. CRONAN
                                 United States District Judge